# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| MEDIOSTREAM, INC., a California Corporation, | § § § | |
| Plaintiff, | § § | |
| v. | § § § | Civil Action No. 2-08CV-369 |
| MICROSOFT CORPORATION, a Washington Corporation, | § § § | Jury Trial Demanded |
| Defendant. | § § | |

## MICROSOFT CORPORATION'S ANSWER AND COUNTERCLAIMS

Defendant Microsoft Corporation ("Microsoft") submits this Answer and Counterclaims to Plaintiff MedioStream, Inc.'s Complaint. To the extent not specifically admitted in the following paragraphs, the allegations in the Complaint are denied.

### THE PARTIES

1. Microsoft is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1.

2. Microsoft admits that it is a Washington corporation with its principal place of business at One Microsoft Way, Redmond, Washington, 98052.

### JURISDICTION AND VENUE

3. Microsoft admits that the Complaint purports to arise under the patent laws of the United States, 35 U.S.C. § 1, et. seq., and that this Court has subject matter jurisdiction over such an alleged cause of action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. Microsoft admits that this Court has personal jurisdiction over it for the purposes of this action only. Microsoft denies that any of its products infringes any claim of any patent owned by MedioStream. Microsoft denies that it has contributed to or induced any act of infringement in the Eastern District of Texas. The remaining allegations of Paragraph 4 express legal conclusions to which no response is required, or are denied.

5. Microsoft denies the allegations of Paragraph 5. No claims for misappropriation of trade secrets, conversion, unjust enrichment, or unfair competition are set forth in the Complaint.

6. The allegations of Paragraph 6 express legal conclusions which do not require a response. To the extent that any response is required, Microsoft denies the allegations of Paragraph 6. No state law causes of action are set forth in the Complaint.

7. The allegations of Paragraph 7 express legal conclusions which do not require a response. To the extent that any response is required, Microsoft states that while venue may currently lie in this District for the purposes of this action, the Northern District of California is a more convenient and appropriate venue under 28 U.S.C. § 1404.

## BACKGROUND FACTS

8. Microsoft is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 and thus denies those allegations.

9. Microsoft is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 and thus denies those allegations.

10. Microsoft denies the allegations of Paragraph 10.

## COUNT 1
### Patent Infringement (U.S. Patent No. 7,009,655)

11. Microsoft admits that the purported copy of U.S. Patent No. 7,009,655 (the "'655 patent") attached to the complaint as Exhibit A purports to have issued on March 7, 2006 to Qiang Huang and purports to have been assigned to MedioStream, Inc. ("MedioStream"). Microsoft denies that the '655 patent duly and legally issued. Microsoft lacks knowledge or information sufficient to form a belief as to truth of the remainder of the allegations in Paragraph 11 and thus denies those allegations.

12. Microsoft denies the allegations of Paragraph 12.

13. Microsoft denies the allegations of Paragraph 13.

14. Microsoft denies the allegations of Paragraph 14.

## COUNT 2
### Patent Infringement (U.S. Patent No. 7,283,172)

15. Microsoft admits that the purported copy of U.S. Patent No. 7,283,172 (the "'172 patent") attached to the complaint as Exhibit B purports to have issued on October 16, 2007 to Qiang Huang and purports to have been assigned to MedioStream. Microsoft denies that the '172 patent duly and legally issued. Microsoft lacks knowledge or information sufficient to form a belief as to truth of the remainder of the allegations in Paragraph 15 and thus denies those allegations.

16. Microsoft denies the allegations of Paragraph 16.

17. Microsoft denies the allegations of Paragraph 17.

18. Microsoft denies the allegations of Paragraph 18.

19. The allegations of Paragraph 19 express legal conclusions which do not require a response. Microsoft also demands a trial by jury on all issues so triable in this action.

**PRAYER FOR RELIEF**

Microsoft denies that Plaintiff is entitled to the relief it requests or to any other relief. Microsoft asks this Court to enter judgment in favor of Microsoft and against Plaintiff, together with an award of costs and attorneys' fees against Plaintiff.

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

Microsoft has not infringed in any way any claim of the '655 patent or the '172 patent.

**Second Affirmative Defense**

The '655 patent and the '172 patent are invalid because they fail to comply with the provisions of Title 35 of the United States Code, including, without limitation, one or more of 35 U.S.C. §§ 101, 102, 103, 112, 116, 135, and 256.

**Third Affirmative Defense**

MedioStream's claims of patent infringement are barred by the equitable doctrine of laches.

**Fourth Affirmative Defense**

MedioStream's claim for damages prior to the date of notice to Microsoft are barred for failure to provide notice of infringement as required by 35 U.S.C. § 287.

**Fifth Affirmative Defense**

The '655 patent and the '172 patent are invalid because one or more persons involved in the prosecution of the applications that issued as the '655 and '172 patents (the "MedioStream Patent Applications") committed inequitable conduct by failing to disclose material prior art to the Patent and Trademark Office (the "Patent Office") with an intent to deceive.

First, on information and belief, digital video conversion and editing systems and software developed, designed or made by, or known to, MedioStream and Qiang Huang or their agents, including at least the CAMpeg Pro product, constituted material prior art not cited to the Patent Office. On information and belief, CAMpeg Pro was presented at the National Association of Broadcasters 2001 trade show from April 22 to April 26, 2001, more than one year prior to the date of application of the '655 and '172 patents. On information and belief, CAMpeg Pro was in public use or on sale more than one year prior to the date of application of the '655 and '172 patents. In addition, documents describing this product were, on information and belief, publicly available more than one year prior to the date of application of the '655 and '172 patents. On information and belief, information about the CAMpeg PRO product and software programs was material to the patentability of the claims in the MedioStream Patent Applications. On information and belief, MedioStream, Qiang Huang, or representatives, agents, or associates of MedioStream or Qiang Huang failed to disclose CAMpeg Pro, or material information about this product and software, with the intent to deceive the Patent Office.

5

Second, during prosecution of the application that ultimately issued as the '655 patent (the "'999 application"), the applicant presented 16 method claims and 4 system claims. In response to an examiner action dated March 22, 2005 rejecting the 16 method claims, the applicant substantially amended 14 of the 16 claims to depend from an allowed system claim. The remaining two method claims were canceled. The amended claims were subsequently allowed. During prosecution of the application that ultimately issued as the '172 patent (the "'280 application"), the applicant submitted, inter alia, the previously-rejected 16 method claims. On information and belief, a reasonable examiner would have considered the fact of and basis for the previous rejection in the '999 application to be material to the examination of the '280 application. On information and belief, MedioStream, Qiang Huang, or its agents or representatives purposely failed to disclose the earlier rejection of the claims with the intent to deceive the Patent Office.

### Sixth Affirmative Defense

On information and belief, Plaintiff's claims are barred by equitable doctrines of estoppel, waiver, and acquiescence.

### Seventh Affirmative Defense

Plaintiff's claims of infringement of the '655 patent and the '172 patent are barred under the equitable doctrine of unclean hands.

### Eighth Affirmative Defense

The Complaint fails to state a claim on which relief can be granted.

### Ninth Affirmative Defense

Plaintiff cannot show that it is entitled to injunctive relief.

### Tenth Affirmative Defense

Plaintiff's claims are barred by the doctrine of prosecution history estoppel based on statements, representations and admissions made during prosecution of the patent applications resulting in the '655 patent and the '172 patent.

### Eleventh Affirmative Defense

Plaintiff's remedies are limited under 28 U.S.C. § 1498.

### COUNTERCLAIMS AGAINST MEDIOSTREAM

1. Microsoft is a Washington corporation with its principal place of business at One Microsoft Way, Redmond, Washington, 98052.

2. On information and belief, MedioStream is a California corporation with a principal place of business at 4962 El Camino Real, Suite 201, Los Altos, California, 94022.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the counterclaims concern a federal question relating to patents arising under Title 35 of the United States Code, and pursuant to 28 U.S.C. §§ 2201 and 2202 because this is a civil action for a declaratory judgment.

4. This Court has personal jurisdiction over MedioStream because MedioStream has submitted to the jurisdiction of this Court by filing the underlying lawsuit (Civil Action No. 2:08-CV-369) (the "Existing Lawsuit").

5. MedioStream has consented to venue in this District by filing the Existing Lawsuit, which is currently pending in this District.  Accordingly, while Microsoft maintains that the Northern District of California is a more convenient and appropriate venue, these counterclaims may at this time be brought in this District pursuant to 28 U.S.C. §§ 1391 and 1400.

## BACKGROUND FACTS

6. On September 30, 2008, MedioStream filed the present lawsuit against Microsoft, claiming infringement of the '655 and '172 patents.  *See* Complaint (Dkt. No. 1).

7. In the Complaint, Plaintiff alleges that it is "the owner of all rights, title and interest in" the '655 patent and the '172 patent.  Complaint ¶¶ 11, 15.

8. In the Complaint, Plaintiff alleges that Microsoft has infringed and continues to infringe the '655 patent and the '172 patent.  *Id.* ¶¶ 12, 16.

9. An actual, substantial and justiciable controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between MedioStream and Microsoft concerning the infringement, invalidity, and unenforceability of the '655 and '172 patents.

10. This controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

## COUNT I

### Declaratory Judgment of Non-Infringement of the '655 Patent

11. Microsoft restates, realleges, and incorporates by reference paragraphs 1 to 10 above as if set forth in full herein.

12. Microsoft does not infringe, whether directly or indirectly (e.g., by inducing or contributing to infringement), any claim of the '655 patent.

13. Microsoft is entitled to a declaratory judgment from this Court declaring that Microsoft does not infringe any claim of the '655 patent.

14. This is an exceptional case under 35 U.S.C. § 285, entitling Microsoft to an award of its attorneys' fees incurred in connection with this action.

## COUNT II

### Declaratory Judgment of Invalidity of the '655 Patent

15. Microsoft restates, realleges, and incorporates by reference paragraphs 1 to 14 above as if set forth in full herein.

16. Each and every claim of the '655 patent is invalid for failing to meet one or more of the requirements for patentability set forth in 35 U.S.C. § 1 *et seq.*, including, without limitation, §§ 101, 102, 103, 112, 116, 135, and 256.

17. Microsoft is entitled to a declaratory judgment from this Court declaring that each and every claim of the '655 patent is invalid.

18. This is an exceptional case under 35 U.S.C. § 285, entitling Microsoft to an award of its attorneys' fees incurred in connection with this action.

### COUNT III

### Declaratory Judgment of Non-Infringement of the '172 Patent

19. Microsoft restates, realleges, and incorporates by reference paragraphs 1 to 18 above as if set forth in full herein.

20. Microsoft does not infringe, whether directly or indirectly (e.g., by inducing or contributing to infringement), any claim of the '172 patent.

21. Microsoft is entitled to a declaratory judgment from this Court declaring that Microsoft does not infringe any claim of the '172 patent.

22. This is an exceptional case under 35 U.S.C. § 285, entitling Microsoft to an award of its attorneys' fees incurred in connection with this action.

## COUNT IV

### Declaratory Judgment Of Invalidity of the '172 Patent

23.     Microsoft restates, realleges, and incorporates by reference paragraphs 1 to 22 above as if set forth in full herein.

24.     Each and every claim of the '172 patent is invalid for failing to meet one or more of the requirements for patentability set forth in 35 U.S.C. § 1 *et seq.*, including without limitation, §§ 101, 102, 103, 112, 116, 135, and 256.

25.     Microsoft is entitled to a declaratory judgment from this Court declaring that each and every claim of the '172 patent is invalid.

26.     This is an exceptional case under 35 U.S.C. § 285, entitling Microsoft to an award of its attorneys' fees incurred in connection with this action.

## COUNT V

### Declaratory Judgment of Unenforceability of the '655 and '172 Patents

27.     Microsoft restates, realleges, and incorporates by reference paragraphs 1 to 26 above as if set forth in full herein.

28.     The '655 and '172 patents are unenforceable because one or more persons involved in the prosecution of the MedioStream Patent Applications committed inequitable conduct by failing to disclose material prior art to the Patent and Trademark Office with an intent to deceive.  Microsoft hereby incorporates by reference the allegations in its Fifth Affirmative Defense above.

29. Microsoft is entitled to a declaratory judgment from this Court declaring that each and every claim of the '655 patent and the '172 patent are unenforceable.

30. This is an exceptional case under 35 U.S.C. § 285, entitling Microsoft to an award of its attorneys' fees incurred in connection with this action.

**PRAYER FOR RELIEF**

Wherefore, Microsoft prays for an Order and Judgment from this Honorable Court:

a) declaring that Microsoft does not infringe any claim of the '655 Patent;

b) declaring that each and every claim of the '655 Patent is invalid;

c) declaring that each and every claim of the '655 Patent is unenforceable;

d) declaring that Microsoft does not infringe any claim of the '172 Patent;

e) declaring that each and every claim of the '172 Patent is invalid;

f) declaring that each and every claim of the '172 Patent is unenforceable;

g) adjudging this case "exceptional" within the meaning of 35 U.S.C. § 285, entitling Microsoft to an award of its reasonable attorneys' fees, expenses and costs; and

h) granting such other and further equitable or legal relief as the Court deems proper.

**Demand for Jury Trial**

Microsoft hereby demands a trial by jury on all issues so triable in this action.

                                                   Respectfully submitted,

Date: December 5, 2008              By:      /s/

                                                   Melissa Richards Smith
GILLAM & SMITH LLP
303 South Washington Avenue
Marshall, TX 75670
(903) 934-8450
(903) 934-9257 (fax)
melissa@gillamsmithlaw.com

George F. Pappas
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
(202) 662-6000
(202) 662-6291 (fax)
gpappas@cov.com

Scott A. Schrader
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111-5356
(415) 591-6000
(415) 591-6091 (fax)
sschrader@cov.com

***ATTORNEYS FOR DEFENDANT MICROSOFT CORPORATION***

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this notice was served on all counsel who have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this the 5th day of December 2008.

/S/
Melissa Smith