**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| MEDIOSTREAM, INC., a California Corporation, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 2-08CV-369 DF |
| MICROSOFT CORPORATION, a Washington Corporation, | § § | Jury Trial Demanded |
| Defendant. | § § | |

**DEFENDANT AND COUNTERCLAIMANT MICROSOFT CORPORATION'S
MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA
FOR THE CONVENIENCE OF THE PARTIES AND THE WITNESSES
<u>UNDER 28 U.S.C. § 1404(a)</u>**

# TABLE OF CONTENTS

I.  THIS CASE SHOULD BE TRANSFERRED TO THE NORTHERN DISTRICT OF CALIFORNIA UNDER 1404(a) FOR THE CONVENIENCE OF THE PARTIES AND WITNESSES AND IN THE INTERESTS OF JUSTICE ...................... 5

    A.  The Private Interest Factors Support Transfer of This Case to the Northern District of California ............................................................................................. 7

    B.  The Public Interest Factors Support Transfer of This Case to the Northern District of California or Are Neutral.................................................................... 10

    C.  Plaintiff's Choice of Forum Should Not Be Given Deference ............................ 11

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Data Treasury Corp. v. First Data Corp.*,
   243 F. Supp. 2d 591 (N.D. Tex. 2003) ....................................................................9

*Ellis v. Union Pac. R.R.*,
   Civil Action No. 9:07CV231 (E.D. Tex. Oct. 16, 2008) ...............................6, 7, 8, 9

*In re Volkswagen of Am., Inc.* (*In re Volkswagen I*),
   506 F.3d 376 (5th Cir. 2007) ......................................................................1, 4, 7, 9

*In re Volkswagen of Am., Inc.* (*In re Volkswagen II*),
   545 F.3d 304, 2008 U.S. App. LEXIS 21377 (5th Cir. 2008) ........................ passim

*Rock Bit Int'l, Inc. v. Smith Int'l., Inc.*,
   957 F. Supp. 843 (E.D. Tex. 1997)......................................................................10

*Spiegelberg v. Collegiate Licensing Co.*,
   402 F. Supp. 2d 786 (S.D. Tex. 2005) ....................................................................9


**STATUTES**

28 U.S.C. § 1391................................................................................................4

28 U.S.C. § 1404(a) .................................................................................. passim

Defendant and Counterclaimant Microsoft Corporation ("Microsoft") respectfully moves to transfer this action for patent infringement to the Northern District of California under 28 U.S.C. § 1404(a) for the convenience of the parties and witnesses and in the interests of justice.

## SUMMARY OF ARGUMENT

It is beyond dispute that the center of this litigation lies in Northern California, where this case properly could have been brought. Plaintiff MedioStream, Inc. ("MedioStream") admits that its principal place of business is located in Northern California. (Complaint at 1.) Numerous key non-party witnesses reside in Northern California, including the named purported inventor of the MedioStream patents, the attorneys who prosecuted those patents, and several former MedioStream employees. Relevant documents and evidence are also located in Northern California. Moreover, the Northern District of California will be a more convenient forum for Microsoft witnesses, who will likely hail from the Redmond, Washington area, which is much closer to the Northern District of California than the Eastern District of Texas.

In contrast, beyond the Plaintiff's decision to file suit here, this dispute has no factual connection to the Eastern District of Texas. Neither party has its headquarters or significant operations in the Eastern District of Texas. No witnesses reside in the Eastern District of Texas. No relevant documents are located in the Eastern District of Texas.

For these reasons, the Northern District of California is a clearly more convenient forum than this Court for the resolution of this dispute. As the Fifth Circuit recently held, "[w]hen the transferee forum is clearly more convenient, a transfer should be ordered" notwithstanding plaintiff's choice of forum. *In re Volkswagen of Am., Inc.* (*In re Volkswagen I*), 506 F.3d 376, 384 (5th Cir. 2007) (rejecting "substantial deference" standard for plaintiff's choice of forum).

Accordingly, pursuant to 28 U.S.C. § 1404(a), this case should be transferred from this forum to the Northern District of California.

## STATEMENT OF FACTS

Plaintiff MedioStream is a California corporation with its principal place of business in Los Altos, California — which is in the Northern District of California.  Microsoft is a Washington corporation with its principal place of business in Redmond, Washington.

MedioStream filed its complaint against Microsoft on September 30, 2008.  The complaint alleges infringement of two patents — U.S. Patents Nos. 7,009,655 (the "'655 patent") and 7,283,172 (the "'172 patent") — that MedioStream purports to own.  (Complaint at 3, 4.) MedioStream has also asserted the '655 and '172 patents in the pending *MedioStream, Inc. v. Acer America Corporation, et al.*, Civil Action No. 2:07-CV-376, filed in this Court on August 28, 2007 (the "Acer Litigation").  On information and belief, defendants in the Acer Litigation are moving for reconsideration of a previously denied motion to transfer pursuant to 28 U.S.C. 1404(a), which the Court decided prior to the Fifth Circuit's recent *Volkswagen II* decision.  *See In re Volkswagen of Am., Inc.* (*In re Volkswagen II*), 545 F.3d 304, 2008 U.S. App. LEXIS 21377 (5th Cir. 2008) (*en banc*).

The asserted MedioStream patents identify Qiang Huang of San Francisco, California as the sole named inventor.  According to MedioStream's Initial Disclosures in the Acer Litigation, Mr. Huang is a former MedioStream employee.  (Plaintiff MedioStream, Inc.'s Initial Disclosure Statement to Defendants in the Acer Litigation ("MedioStream's Initial Disclosures") at 3); *see* (Declaration of Scott A. Schrader ("Schrader Decl.") at ¶ 2 & Ex. A).  The MedioStream Initial Disclosures further state that Mr. Huang's last known address is in Daly City, California, which is located in the Northern District of California.  *Id.*

- 3 -

MedioStream's Initial Disclosures in the Acer Litigation identify several other former MedioStream employees as having relevant knowledge. (MedioStream's Initial Disclosures at 3-5.) These witnesses include three former employees located in the Northern District of California: Dan Baca, former VP of Sales (Redwood City, California); Phil Otto, former CEO (San Francisco, California); and Tao Wen Wei, former Senior Software Engineer (Novato, California). *Id.* at 4. Two attorneys who prosecuted the '665 patent and the '172 patent, whom MedioStream also identified in the Acer Litigation as having relevant knowledge, are located in Palo Alto, which is also in the Northern District of California. *Id.* at 5. The knowledge of these witnesses, all of whom are in the Northern District of California, will presumably be relevant to this action against Microsoft as well.

MedioStream has identified no potential witness or person with relevant knowledge located in the Eastern District of Texas. The only other nonparty witnesses whom MedioStream identified in the Acer Litigation are located in Shanghai, China or are stated to have no known address. *Id.* at 4-5.

Although no products have yet been accused of infringement in this case, MedioStream served infringement contentions in the Acer Litigation listing, *inter alia*, Movie Maker software, which is a Microsoft technology. (Plaintiff MedioStream, Inc.'s Disclosure of Asserted Claims and Infringement Contentions Against Acer America Corporation Under Patent Rules 3-1 and 3-2, Exs. A, B). The Microsoft employees that develop and are familiar with Windows Movie Maker are based in Redmond, Washington, and those employees operate primarily from Microsoft's Redmond, Washington facilities. (Declaration of Thomas Andrew Belush ("Belush Decl.") ¶ 5.) The personnel in the Microsoft group that provides ongoing support for released versions of Windows Movie Maker are located in Redmond, Washington and in India. (Belush

Decl. ¶ 5.)  Microsoft does not engage in any design, research, or development for Windows

Movie Maker in the Eastern District of Texas.  (Belush Decl. ¶ 6.)  Moreover, none of the

Microsoft employees who worked on the design, development, or research for Windows Movie

Maker are based in the Eastern District of Texas.  (Belush Decl. ¶ 6.)

**ARGUMENT AND AUTHORITIES**

**I.      THIS CASE SHOULD BE TRANSFERRED TO THE NORTHERN DISTRICT OF
CALIFORNIA UNDER 1404(a) FOR THE CONVENIENCE OF THE PARTIES
AND WITNESSES AND IN THE INTERESTS OF JUSTICE**

Section 1404(a) states that "[f]or the convenience of parties and witnesses, in the interest

of justice, a district court may transfer any civil action to any other district or division where it

might have been brought."  28 U.S.C. § 1404(a).  The Fifth Circuit Court of Appeals has

explained that "the underlying premise of § 1404(a) is that courts should prevent plaintiffs from

abusing their privilege [of choosing venue] under § 1391 by subjecting defendants to venues that

are inconvenient under the terms of § 1404(a)."  *In re Volkswagen II*, 2008 U.S. App. LEXIS

21377 at *20.  While plaintiffs have the privilege of filing their claims in any judicial division

appropriate under the general venue statute, "§ 1404(a) tempers the effects of the exercise of this

privilege" by allowing courts to transfer civil actions to a more convenient venue.  *Id.* at *20-21.

In evaluating § 1404 motions to transfer, the Fifth Circuit has instructed courts to

consider a number of private and public interest factors, "none of which can be said to be of

dispositive weight."  *In re Volkswagen I*, 506 F.3d at 380.  These private interest factors are: (1)

the relative ease of access to sources of proof; (2) the availability of compulsory process to

secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all

other practical problems that make trial of a case easy, expeditious, and inexpensive.  *In re

Volkswagen II*, 2008 U.S. App. LEXIS 21377 at *29.  The public interest factors are: (1) the

- 5 -

administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id.* at *29-30.

The plaintiff's choice of forum is "not a distinct factor in the venue transfer analysis"; rather, it merely puts the burden on the movant to show good cause for the transfer. *Id.* at *24, *25 ("[A] plaintiff's choice of forum corresponds to the burden that a moving party must meet."). To show good cause, a moving party must "satisfy the statutory requirements and clearly demonstrate that a transfer is for the convenience of parties and witnesses, in the interest of justice." *Id.* at *26 (citation omitted). When the movant demonstrates that the transferee venue is clearly more convenient, "it has shown good cause and the district court *should* therefore grant the transfer." *Id.* (emphasis added).

The recent *Volkswagen* decision underscored the important role played by § 1404(a) in promoting convenience, fairness, and justice. The Court of Appeals determined that the District Court had given "undue weight to the plaintiffs' choice of venue." *Id.* at *6-7. The Court of Appeals found that the District Court had also mistakenly "read the sources of proof requirement out of the § 1404(a) analysis" and, as a result, improperly discounted both the importance of its lack of subpoena power and the inconvenience caused by forcing witnesses to travel additional distances to attend trial. *Id.* at *30-34. In addition, the Court of Appeals rejected the District Court's conclusion that the mere sale of the products at issue in the Eastern District of Texas would give rise to a public interest here, finding that this rationale "could apply virtually to any judicial district or division in the United States" and thus "stretches logic in a manner that eviscerates the public interest that this factor attempts to capture." *Id.* at *35.

A.     **The Private Interest Factors Support Transfer of This Case to the Northern District of California**

The Northern District of California would clearly be more convenient than a Texas forum for both the parties and the material witnesses in this case.  MedioStream is a California corporation with its principal place of business within the Northern District of California. Moreover, *all* of the individuals located in the U.S. that MedioStream identified in the Acer Litigation as having relevant knowledge are located in the Northern District of California. (MedioStream's Initial Disclosure at 3-5.)  These individuals include such key witnesses as the sole named alleged inventor of the '665 and '172 patents and the attorneys who prosecuted those patents, as well as all of the U.S.-based former employees that MedioStream identified in the Acer Litigation as having relevant knowledge.

The testimony of these non-party witnesses will undoubtedly be important to this litigation.  Yet all of these individuals are beyond this Court's trial subpoena power.  If, at the time of trial, these key witnesses decide to refuse to travel to the Eastern District of Texas to testify, this Court will be unable to compel their attendance.  The Fifth Circuit recently emphasized that the existence of "a proper venue that does enjoy *absolute* subpoena power for both depositions and trial" is a factor that "weighs in favor of transfer."  *Id.* at *31; *accord Ellis v. Union Pac. R.R.*, Civil Action No. 9:07CV231 at 6 (E.D. Tex. Oct. 16, 2008) (approving transfer where all non-party witnesses resided outside the 100-mile subpoena radius).  Because the Northern District of California is the only jurisdiction that enjoys subpoena power over these witnesses, this factor clearly weighs in favor of a transfer.

Moreover, even if some or all of these witnesses were willing to travel to Texas to testify, the Northern District of California would still be a less burdensome forum for them.  As the Fifth Circuit has stated, "it is an obvious conclusion that it is more convenient for witnesses to testify

at home." *In re Volkswagen II*, 2008 U.S. App. LEXIS 21377 at *33 (citation omitted).  For these prospective witnesses, testifying in their home district of the Northern District of California would clearly be more convenient and less costly than traveling more than 1500 miles to the Eastern District of Texas.

The Northern District of California would also be a much more convenient forum for Microsoft and its employee-witnesses.  The Fifth Circuit has stated that "[w]hen the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Id.* at *33.  The Microsoft employees likely to be witnesses in this case will likely be located in the Redmond, Washington area.  Travel from Redmond, Washington to the Eastern District of Texas would require a trip of more than 1700 miles with at least one intermediate stop when traveling by commercial airline — well over twice the distance to the Northern District of California, for which non-stop commercial flights are available. (Schrader Decl. ¶¶ 3, 4.)

The much closer proximity of the Northern District of California makes it significantly less burdensome forum for these Microsoft witnesses.  As the Fifth Circuit explained, "additional distance means additional travel time" and "additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment." *Id.* Moreover, "witnesses suffer personal costs associated with being away from work, family and community." *Ellis*, Civil Action No. 9:07CV231 at 7 (citing *Volkswa*gen I).  Although testifying in the Northern District of California would require some travel time and possibly an overnight stay, the additional distance required to reach the Eastern District of Texas would result in longer

travel time, possibly additional overnight stays, and a greater amount of time spent away from work and family.

The only other witnesses with known addresses that have been identified by MedioStream are located in Shanghai, China.  Whereas daily non-stop commercial flights are available between Shanghai, China and the Northern District of California, no non-stop commercial flights are available to or from the Eastern District of Texas.  (Schrader Decl. at ¶ 5.)  Thus, even for these witnesses, should any of them choose to testify, the Northern District of California would be a more convenient forum.

The ease of access to documents and similar sources of proof also favors transfer to the Northern District of California.  As the Fifth Circuit recently explained, the mere fact that "access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments does not render this factor superfluous."  *Id.* at *30; *see also Ellis*, Civil Action No. 9:07CV231 at 6 (approving transfer where none of the sources of proof were located in the Eastern District of Texas).  To the contrary, the Fifth Circuit has recently reiterated that "the sources of proof requirement is a meaningful factor in the analysis" of venue transfer.  *In re Volkswagen II*, 2008 U.S. App. LEXIS 21377 at *30.

Here, MedioStream's principal place of business is located in the Northern District of California, a number of persons with relevant knowledge reside in the Northern District of California, and the purported inventions of the '665 and '172 patents presumably were developed within the Northern District of California.  As such, a substantial amount of documents and/or physical evidence related to the MedioStream patents are likely to be in the Northern District of California, and would most easily be accessed within that district.

None of these considerations point in any way to this forum.  Neither party is located in the Eastern District of Texas.  None of the known witnesses — party or nonparty — are located in the Eastern District of Texas.  Moreover, no relevant documents are likely to be located in the Eastern District of Texas.  The private interest factors instead point to the Northern District of California, which is where this action should be transferred.

**B.**     **The Public Interest Factors Support Transfer of This Case to the Northern District of California or Are Neutral**

As with the private interest factors, the public interest factors also weigh in favor of transferring this case to the Northern District of California.

Where a plaintiff resides in another jurisdiction, courts in the Fifth Circuit have found that the other jurisdiction has an "interest in adjudicating the claims of its residents." *Spiegelberg v. Collegiate Licensing Co.*, 402 F. Supp. 2d 786, 792 (S.D. Tex. 2005); *see also Ellis*, Civil Action No. 9:07CV231 at 7 (approving transfer where plaintiffs were "longtime residents" of the districts to which venue was transferred).  Whereas none of the parties here reside in the Eastern District of Texas, MedioStream resides in the Northern District of California.  In light of this connection to California, the Northern District of California has a "local interest in having localized interests decided at home."  *In re Volkswagen II*, 2008 U.S. App. LEXIS 21377 at *34.[1]

---

[1]     Furthermore, transfer will be particularly appropriate if the Acer Litigation is transferred to the Northern District, as Microsoft understands defendants in that case have requested.  *See Data Treasury Corp. v. First Data Corp.*, 243 F. Supp. 2d 591, 595 (N.D. Tex. 2003).  Because this action and the Acer Litigation involve the same two patents, the public interest would be better served by transferring both cases to the Northern District of California.  *Id.* at 596 ("Having two different courts interpret the same patent claims would risk inconsistent claim construction rulings which, in turn, would promote uncertainty and impede the administration of justice.  This untenable prospect favors resolving related patent cases in the same forum whenever possible.").

As explained above, the Eastern District has essentially no "relevant factual connection" to the matters at issue in this case.  *Id.* at *35.  Any arguable connection arising from the nationwide availability of Microsoft's products is no stronger here than in the Northern District of California.  Moreover, the Fifth Circuit has stated that simply because "a product is available within a given jurisdiction is insufficient to neutralize the legitimate local interest in adjudicating local disputes."  *In re Volkswagen I*, 506 F.3d at 387.  That is especially true where, as here, the products are sold nationally; in such situations, any purported rationale that the local sale of products gives rise to a local public interest "could apply virtually to any judicial district or division in the United States" and would thus "stretch[] logic in a manner that eviscerates the public interest that this factor attempts to capture."  *In re Volkswagen II*, 2008 U.S. App. LEXIS 21377 at *35.

The remaining public interest factors are generally neutral.  The Northern District of California and Eastern District of Texas have similar levels of congestion.  *See* Schrader Decl. ¶ 6.  Each Court is fully capable of applying federal patent law to the present case.  Finally, conflict of law issues are unlikely to arise in California.

### C.    Plaintiff's Choice of Forum Should Not Be Given Deference

"This court, and many others, have ruled previously in a number of other cases . . . that the usual deference accorded the plaintiff's choice of forum is of minimal value when none of the parties reside in this division of this District."  *Rock Bit Int'l, Inc. v. Smith Int'l., Inc.*, 957 F. Supp. 843, 844 (E.D. Tex. 1997).  That is the case here.  MedioStream admits that its principal place of business is in California, while Microsoft's principal place of business is in Washington.  Accordingly, MedioStream's choice of this forum should be accorded only minimal value.  *Id.*

The indisputable facts here demonstrate that "for the convenience of the parties and witnesses, in the interest of justice," a transfer of this case is appropriate.  *In re Volkswagen II*,

2008 U.S. App. LEXIS 21377 at *22.  The named inventor, as well as numerous other key witnesses identified by MedioStream, reside in Northern California, which is also where relevant documents will be located.  Indeed, MedioStream can establish no meaningful connection between this dispute and the present forum except its unilateral choice to sue here.  *In re Volkswagen II*  expressly rejected such a unilateral choice as a proper basis to decline to transfer a case where, as here, another district would be more convenient.  Accordingly, notwithstanding MedioStream's decision to file in this District, this action should be transferred to the Northern District of California.

### CONCLUSION AND PRAYER

For the foregoing reasons, Microsoft respectfully requests that this Court transfer this case to the Northern District of California pursuant to 28 U.S.C. § 1404(a).

Respectfully submitted,

Date:  December 5, 2008

By: _____/s/_____
    Melissa Richards Smith
GILLAM & SMITH LLP
303 South Washington Avenue
Marshall, TX 75670
(903) 934-8450
(903) 934-9257 (fax)
melissa@gillamsmithlaw.com

George F. Pappas
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
(202) 662-6000
(202) 662-6291 (fax)
gpappas@cov.com

Scott A. Schrader
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111-5356

(415) 591-6000
(415) 591-6091 (fax)
sschrader@cov.com

***ATTORNEYS FOR DEFENDANT AND***
***COUNTERCLAIMANT MICROSOFT***
***CORPORATION***

## CERTIFICATE OF CONFERENCE

Defendants have conferred with Plaintiff's counsel and understand Plaintiff to be

opposed to this motion.

_____/s/_____
Melissa R. Smith

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this notice was served on all counsel who have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this the 5th day of December 2008.

_____/s/_____
Melissa R. Smith