IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MEDIOSTREAM, INC., a California Corporation, | § § § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | Civil Action No. 2:08-cv-369-DF |
| MICROSOFT CORPORATION, a Washington Corporation, | | **JURY TRIAL DEMANDED** |
| Defendant. | | |

**MEDIOSTREAM'S SUR-REPLY IN OPPOSITION TO MICROSOFT'S MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. 1404(A)**

**I.  INTRODUCTION**

For its motion to be granted, Microsoft Corporation ("Microsoft") must show that the Northern District of California is <u>clearly</u> a more convenient forum than the Eastern District of Texas.  It has failed to do so.  MedioStream, Inc. ("MedioStream") rightfully filed this case in Texas and Microsoft has not met its burden to justify a transfer.  Given the specific facts of this case, the Eastern District of Texas is a more convenient and sensible venue for this litigation.

Microsoft has not yet identified a single witness in this case, and its assertions regarding who its witnesses may be are purposefully vague and lack evidentiary support.  Regardless, the potential witnesses Microsoft does reference are in Washington and India; n<u>ot</u> California.  Microsoft relies on only a carefully selected sub-set of MedioStream's witnesses that have been named in a related case *MedioStream, Inc. v. Acer America Corporation, et al.*, Civil Action No. 2:07-CV-376, ("*Acer*"), also filed in this district, concerning the same patents-in-suit.  MedioStream considered the location of its witnesses when the decision was made to file in the Eastern District of Texas.  The fact that a handful of a plaintiff's witnesses are located in another district does not overcome the plaintiff's right to choose its forum and should have no bearing on a Motion to Transfer.  *See ConnecTel, LLC v. Cisco Sys., Inc.*, No. 2:04-CV-396, 2005 WL 366966, at *2 (E.D. Tex. Feb. 16, 2005); *Cummins-Allison Corp. v. Glory Ltd*, No. Civ. A. 2-03-CV-358TJ, 2004 WL 1635534, at *5 (E.D. Tex. May 26, 2004).

Microsoft attempts to make much of a recent case where transfer was mandated, while ignoring the specific facts of that case.  *In re TS Tech USA Corp.* concerned a defendant seeking to move the case to where its <u>own</u> witnesses were located -- Ohio.  *In re TS Tech USA Corp.*, No. 2:07-cv-406, 2008 U.S. App. LEXIS 26409 (Fed. Cir. Dec. 29, 2008).  Microsoft has made no such suggestion.  It wants to move this case to a venue that is no more convenient than Texas.  And considering the related *Acer* litigation, Texas is clearly the more convenient venue.

1

*Acer* and this case involve the same patents. Microsoft's only accused product, Movie Maker, is at issue in both litigations. Most of the necessary witnesses regarding infringement are located overseas. For these overseas witnesses, the difference in convenience between Marshall and Northern California is negligible. The other major group of witnesses will come from the largest defendant in *Acer*, Dell, Inc. ("Dell"), which offers for sale approximately 447 accused products and is located in Texas.[1] MedioStream's witnesses have agreed to appear in Texas. The center of gravity of the *Acer* litigation is in Texas and the judge in that matter has already denied defendants' motion to transfer. This related case should not be dispatched to California based upon Microsoft's conjecture that a few additional witnesses might be located somewhere on the West Coast. MedioStream has been working with the parties from both litigations to consolidate the cases without success.

Microsoft has failed to reach its burden. The Northern District of California is not clearly more convenient under the facts of this case. Microsoft's Motion to Transfer should be denied.

## II.   ARGUMENT

### A.   The Legal Standard Is Clear

Under Fifth Circuit law, a motion to transfer venue should be granted upon a showing that the transferee venue is "<u>clearly more convenient</u>" than the venue chosen by the plaintiff. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) ("Volkswagen II") (emphasis added). This is the burden that Microsoft must, and cannot, meet.

MedioStream filed this case in the Eastern District of Texas, taking into consideration the location of its own witnesses and evidence. To justify a transfer and give the proper deference to MedioStream's choice of venue, Microsoft must show that the transferee venue—the Northern

---

[1] MedioStream's Disclosure of Amended Asserted Claims and Infringement Contentions Against Dell Under Patent Rules 3-1 and 3-2 in the *Acer* Litigation is attached as Exhibit 1.

2

District of California—is clearly more convenient. *In re TS Tech*, at \*8. It has not done so. At most, Microsoft has shown that (ignoring the presence of the *Acer* litigation), this case could have been filed in California. That is not enough to warrant a transfer.

### B. Microsoft's Reliance On *In Re TS Tech* is Misplaced

Microsoft's reliance on *In re TS Tech* ignores the facts of this case. Reply[2], p.2. In *TS Tech*, the Court specifically noted that "TS Tech's extensive contacts in the Southern District of Ohio indisputably make it a venue in which the patent infringement suit could have been brought." *In re TS Tech*, at \*6-7. Two of the defendants in that case, TS Tech USA and TS Tech North America, Inc., are both incorporated under the laws of Ohio and have principal places of business in Reynoldsburg, Ohio, which is in the Southern District of Ohio. They sought to move the case to the Southern District of Ohio. The Court agreed as "all of the physical evidence, including the headrests and the documentary evidence, are far more conveniently located near the Ohio venue." Id. at \*10. The facts of the present case are extremely different.

Here, Microsoft is not even arguing for a transfer to Washington, where it asserts its witnesses and most significant contacts are. *See, e.g.*, Dkt. No. 15-2, ¶ 5. Microsoft is arguing for a transfer to the Northern District of California, where its contacts are no stronger than they are with Texas. Further, the physical evidence at issue in this case is largely Microsoft's source code, which is likely located in India.

### C. The *Acer* Litigation Merits Keeping This Related Case Here

Microsoft goes to great pains to selectively argue the relevance of the *Acer* litigation. Microsoft asks this Court to ignore the existence of the *Acer* case for purposes of evaluating this

---

[2] "Reply" hereinafter refers to the Reply Brief of Defendant / Counterclaimant Microsoft Corporation In Support Of Motion To Transfer Venue To The Northern District Of California For The Convenience Of The Parties And The Witnesses Under 28 U.S.C. § 1404(a).

3

LIBA/1962958.1

case's ties to Texas, but then relies on MedioStream's initial disclosures in *Acer* in alleging ties to California. *Acer* is highly relevant to this case and this motion, especially as it involves the same patents at issue in this litigation. Indeed, *Acer* necessitates Microsoft's involvement: The only accused product in this case, Movie Maker, is also accused in *Acer*, as Microsoft acknowledges. Dkt. No. 15, p. 4.

In *Acer*, there are thirteen named defendants with witnesses across the globe and the United States—including Texas. *Acer* was assigned to the Honorable Judge Ward. The parties consented to proceed before Magistrate Judge Everingham.[3] This case was also initially assigned to Judge Ward. Judge Ward recused himself due to a conflict with Microsoft. Thus, this litigation is preceding before this Court, while *Acer* is before Magistrate Judge Everingham. In the interest of avoiding duplicative and conflicting judgments, these cases should remain in the same venue—the Eastern District of Texas—and be consolidated. *See Data Treasury Corp. v. First Data Corp.*, 243 F. Supp. 2d 591, 595 (N.D. Tex. 2003); Dkt. No. 15, p. 10, fn. 1.

The defendants in *Acer* are from Texas, Germany, Taiwan and Japan. Witnesses have been identified in Texas, Germany, China, Taiwan, Japan, and Massachusetts in addition to California. Experts and prior art witnesses may hail from yet other venues. The Eastern District of Texas, centrally located, is a perfect venue for these cases. Microsoft's addition, by its own assertion, adds contacts to Washington and India—not California. *See* Dkt. No. 15, p. 4.

In both cases MedioStream has served the defendants with Infringement Contentions and the accompanying document production pursuant to Patent Rules 3-1 and 3-2.[4] In *Acer*, the parties have filed initial disclosures and set a docket schedule. Defendants in the *Acer* litigation

---

[3] Since that time, four defendants were added to the *Acer* Litigation in the Third Amended Compliant. Those parties have not yet officially consented to Magistrate Judge Everingham.

[4] MedioStream served Microsoft with the Infringement Contentions on January 16, 2009, pursuant to the proposed schedule set forth by this Court. Dkt. No. 17.

have also jointly served Invalidity Contentions. Starting over in California at this point in the litigations would be highly prejudicial to MedioStream.

### D. Microsoft Is Currently Litigating In This District

Microsoft raised a case in its Reply which is particularly enlightening regarding Microsoft's various strategies to move defensive cases out of this district. In the CSIRO cases, the plaintiff sued defendant Buffalo Technology (USA), Inc., a Texas-based company, in the Eastern District of Texas. *See In re Commonwealth Scientific and Indus. Research Org. Patent Litigation, No. 1707*, 395 F. Supp. 2d 1357 (J.P.M.L 2005). In a pre-emptive effort to avoid being sued in Texas, Microsoft and several other companies including Hewlett-Packard, Intel and Dell filed coordinated declaratory judgment actions against CSIRO in the Northern District of California, all on the same day. In an attempt to slow the cases down, the defendants attempted to have them centralized in the Northern District of California by the Judicial Panel on Multidistrict Litigation (JPML). The JPML Panel declined to move the first-filed case out of Texas, noting that the Eastern District was a more appropriate venue considering that litigation was already proceeding.

Similarly here, *Acer* is a large case already proceeding apace in this district, and this related follow-on case should remain here with that existing case.

### III. CONCLUSION

For the forgoing reasons, MedioStream respectfully requests that this Court maintain jurisdiction of this case and deny Microsoft's Motion to Transfer this case to the Northern District of California.

Dated:  January 20, 2009   Respectfully submitted,

By:  /s/ Byron Cooper
Byron Cooper

5

CA State Bar No. 166578
Gregory S. Bishop
CA State Bar No. 184680
GOODWIN PROCTER LLP
135 Commonwealth Drive
Menlo Park, CA 94025
Telephone: (650) 752-3100
Facsimile: (650) 853-1038
Email: bcooper@goodwinprocter.com
Email: gbishop@goodwinprocter.com

Elizabeth F. Stone
CA State Bar No. 239285
GOODWIN PROCTER LLP
Three Embarcadero Center, 24th Floor
San Francisco, CA 94111
Telephone: (415) 733-6000
Facsimile: (415) 677-9041
Email: estone@goodwinprocter.com

S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
N. Claire Abernathy
State Bar No. 24053063
CAPSHAW DeRIEUX, LLP
1127 Judson Road, Suite 220
Longview, TX 75601
Telephone: (903) 236-9800
Facsimile: (903) 236-8787
Email: ccapshaw@capshawlaw.com
Email: ederieux@capshawlaw.com
Email: chenry@capshawlaw.com

Robert Christopher Bunt
State Bar No. 00787165
Charles Ainsworth
State Bar No. 00783521
PARKER, BUNT & AINSWORTH, P.C.
100 East Ferguson, Suite 1114
Tyler, Texas  75702
Telephone: (903) 531-3535
Facsimile: (903) 533-9687
Email: rcbunt@pbatyler.com
Email: charley@pbatyler.com

6

                                                                         Attorneys for Plaintiff
                                                                         MEDIOSTREAM, INC.

Case 2:08-cv-00369-CE     Document 27     Filed 01/20/2009     Page 8 of 9

LIBA/1962958.1

## CERTIFICATE OF SERVICE

    I hereby certify that counsel of record who are deemed to have consented to electronic service are being served this 20th day of January, 2009, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

    /s/Byron Cooper
    Byron Cooper