IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| MEDIOSTREAM, INC. | § | |
| Vs. | § | CIVIL ACTION NO. 2:08CV369 |
| MICROSOFT CORPORATION | § | |

**MEMORANDUM OPINION AND ORDER**

In these consolidated cases, the defendants in Case No. 2:07CV376 have filed a motion for leave to file a surreply in support of certain defendants' motion for reconsideration (#232); the defendants in Case No. 2:07CV376 have also filed a motion for reconsideration (#206) of the court's order denying the motion to transfer venue; and, in Case No. 2:08CV369, Microsoft Corporation ("Microsoft") has filed a motion to transfer venue (#15).

The court grants the motion for leave to file a surreply (#232) in Case No. 2:07CV376. The court denies both the motion to reconsider (#206) in Case No. 2:07CV376 and the motion to transfer (#15) in Case No. 2:08CV369.

1. **Factual Background and Procedural Posture**

The plaintiff, MedioStream, Inc. ("MedioStream"), is a California corporation with its principal place of business in Los Altos, California. MedioStream seeks damages for infringement of United States Patent Nos. 7,009,655 B2 ("the '655 patent") and 7,283,172 ("the '172 patent"). The named inventor on both patents-in-suit is Qiang Huang. Mr. Huang resides in San Francisco, California.

In Case No. 2:07CV376, the defendants include Acer America Corporation ("Acer"), Apple Computer, Inc. ("Apple"), ASUS Computer International, Inc. ("ASUS"), Dell, Inc. ("Dell"), Gateway, Inc. ("Gateway"), Sony Electronics Inc. ("SEL"), CyberLink.com Corporation ("CyberLink"), Nero, Inc. ("Nero"), Nero AG, Sonic Solutions ("Sonic"), and Sony Corporation.

Acer is a California corporation with its principal place of business in San Jose, California. Apple is a Delaware corporation with its principal place of business in Cupertino, California. ASUS is a California corporation with its principal place of business in Fremont, California. Dell is a Delaware corporation with its principal place of business in Round Rock, Texas. Gateway is a Delaware corporation with its principal place of business in Irvine, California. SEL is a Delaware corporation with its principal place of business in San Diego, California. CyberLink is a California corporation with its principal place of business in North America in Fremont, California. Nero is a Delaware corporation with its principal place of business in Glendale, California. Nero AG is a German corporation with its principal place of business in Karlsbad, Germany. Sonic is a California corporation with its principal place of business in Novato, California. Sony Corporation is a Japanese corporation with its principal place of business in Tokyo, Japan.

Of these defendants, Acer, Apple, ASUS, Dell, Gateway, SEL, and Sony Corporation manufacture computer and electronics products that are alleged to infringe various claims of the patents-in-suit. By far, Dell has the largest number of systems accused in this case. The other defendants, CyberLink, Nero, Nero AG, and Sonic, develop software alleged to infringe the patents-in-suit. The infringement contentions against Acer, ASUS, Dell, Gateway, SEL, and Sony Corporation are based on the incorporation of the software products into the computer and electronics products sold by these manufacturers.

With respect to the software defendants, Nero AG appears to be the entity that produces Nero's software. The development of this software, therefore, likely occurs in Karlsbad, Germany. Defendant CyberLink has indicated that its software is created in Taiwan. Its witnesses are identified as being located in Taiwan. The plaintiff also contends that Sonic opened an office in China after MedioStream did. The plaintiff maintains that Sonic began hiring away MedioStream's employees and "almost certainly" develops its software products in China.

In Case No. 2:07CV376, the defendants filed a motion to transfer venue to the Northern District of California. The court issued an order on September 26, 2008 denying the motion. On October 10, 2008, the Fifth Circuit decided *In re Volkswagen of America, Inc.*, 545 F.3d 304 (5th Cir. 2008)(en banc). On December 5, 2008, the defendants filed a motion to reconsider the order denying the motion to transfer (#206).

Meanwhile, on September 30, 2008, MedioStream filed a separate lawsuit against Microsoft Corporation, asserting infringement of the same two patents as in Case No. 2:07CV376. The Microsoft action was designated Case No. 2:08CV369 and was assigned to Chief Judge David Folsom. Microsoft moved to transfer venue to the Northern District of California (#15), asserting that the Northern District of California was the center of gravity for the litigation and that its own witnesses in Washington would be closer to the Northern District of California. The parties then consented to trial before the undersigned, and the case was accordingly reassigned. On February 24, 2009, the parties filed a joint motion to consolidate Case No. 2:07CV376 with Case No. 2:08CV369. The court granted the motion on February 26, 2009 and designated Case No. 2:08CV369 as the lead case.

During the pendency of the motion to reconsider and Microsoft's motion to transfer venue,

the Federal Circuit decided *In re TS Tech USA Corp.*, 551 F.3d 1315 (Fed. Cir. 2008), and, more recently, *In re Genentech, Inc.*, 566 F.3d 1338 (Fed. Cir. 2009) and *In re Volkswagen of America, Inc.*, 566 F.3d 1349 (Fed. Cir. 2009). The court has considered all of these decisions in the course of evaluating the motion to reconsider and the motion to transfer.

**2.      Discussion**

   **A.      Governing Law**

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A district court has broad discretion in deciding whether to transfer venue pursuant to this statute. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 311 (5th Cir. 2008)(en banc). The defendant has the burden to show "good cause" that transfer is appropriate. *Id.* at 315 ("[I]n order to support its claim for a transfer, [defendant] must satisfy the statutory requirements and clearly demonstrate that a transfer is for the convenience of the parties and witnesses, in the interest of justice."). The party moving for a transfer of venue must show that the proposed transferee venue is "clearly more convenient." *Id.*

The first issue the court must consider is whether the proposed transferee venue is a court in which the action might have been brought. *Id.* at 312. If it is, then the court must consider and balance the convenience of the parties in both venues. *Id.* at 314-15. The balancing involves the consideration of several private and public interest factors, none of which is dispositive. *Id.* A plaintiff's choice of venue is "highly esteemed." *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966). In a § 1404(a) analysis, however, the plaintiff's choice of venue is not a separate factor to consider. *In re Volkswagen of Am.*, 545 F.3d at 314-15. And, although the private and public

interest factors usually guide the court's decision on transfer motions, those factors are not necessarily "exhaustive or exclusive." *Id*. at 315.

In this case, the proposed transferee court is a venue in which the case might have been brought. Therefore, the court will evaluate the motion to reconsider and the motion to transfer by considering the private and public interest factors.

    **B.**    **Private Interest Factors**

The private interest factors to be weighed by the court include (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008); *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)("*Volkswagen I*")(citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)).

    *1.*    *Relative Ease of Access to Sources of Proof*

The first factor focuses on the locations of sources of proof. "That access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments does not render this factor superfluous." *In re Volkswagen*, 545 F.3d at 316. As Chief Judge Folsom has noted, "[t]his factor almost invariably turns on which party will most likely have the greater volume of relevant documents and their presumed physical location in relation to the venues under consideration." *LML Patent Corp. v. JP Morgan Chase & Co.*, No. 2:08-CV-448 (Dkt. # 238)(E.D. Tex. Aug. 3, 2009)(citing *Volkswagen*, 545 F.3d at 314-15; *TS Tech*, 551 F.3d at 1320-21).

Because some of the parties are headquartered in the Northern District of California, some of the documentary evidence is likely located there. The locations of other sources of proof include

Round Rock, Texas (Dell's headquarters), Germany (Nero AG), and Japan (Sony entities). Defendant CyberLink has stated that its software is created in Taiwan. Microsoft's evidence is likely located in Washington. A transfer of venue to the Northern District of California would make it easier for the defendants headquartered in or near that district to bring their evidence to trial. However, because Dell's evidence is located much closer to this venue, and other evidence is scattered around the world, this factor is neutral. In particular, the majority of the accused hardware products are Dell systems. Although Dell contends that the infringement claims against it are derived from software sold to Dell by third parties, it is still likely that a substantial number of Dell's documents will be material to this case. The proximity of Dell's evidence distinguishes the present case from *In re Genentech*, where the court held that, because two of the three parties were headquartered in or had facilities in California, a transfer "would reduce significantly any transportation of documents relating to the accused products." *In re Genentech*, 566 F.3d at 1348. Given the number of accused Dell systems, a transfer would increase the cost of transporting these documents to trial.

    2.  *Compulsory Process of Witnesses*

This factor is concerned with the court's ability to compel non-party witnesses to attend trial. It will generally tip in favor of a transfer when more non-party witnesses reside within the proposed venue than in the plaintiff's chosen venue. *In re Volkswagen of Am.*, 545 F.3d at 316. This factor weighs most strongly in favor of a transfer of venue when the proposed transferee forum has absolute subpoena power over all of the third-party witnesses. *See id.* at 316-17.

The court's task is complicated in this case because the parties have not identified where the vast majority of the witnesses are located. Attached as Exhibits B-J of MedioStream's Surreply in

Opposition to the Motion for Reconsideration are the parties' initial disclosures. The court has carefully reviewed these disclosures, but they are largely lacking in specificity as to where the majority of the witnesses reside. To be sure, there are several non-party witnesses located within the subpoena power of the Northern District of California. These include the prosecuting attorneys and certain former employees of the plaintiff. Also, Acer urges that it is accused of infringement because it incorporates software made by non-party NewTech Information Systems, Inc. ("NewTech"), and NewTech is located within the subpoena power of the Northern District of California. In contrast, neither party has identified a non-party witness in this district. It appears, however, that neither this court nor the Northern District of California have "absolute subpoena power" over all of the non-party witnesses. The Northern District of California's subpoena power has significance, though, and ultimately the court decides that this factor weighs in favor of a transfer. The court declines to give this factor dispositive weight, however, given the lack of information contained in the parties' disclosures.

### 3. *The Cost of Attendance for Willing Witnesses*

This factor is neutral. The prosecuting attorneys and those party witnesses who reside in California will have less distance to travel to trial if the case is transferred to the Northern District of California. Likewise, Microsoft's witnesses located in the Redmond, Washington area would also have to travel a much shorter distance to a trial in the transferee forum. Nevertheless, many other party witnesses reside either in Texas or in Taiwan, Germany, or the People's Republic of China. Although Dell's initial disclosures identified only a single party witness, the plaintiff has accused numerous Dell systems of infringement in this case. The record suggests that the vast majority of discovery from the hardware defendants will involve Dell. Although the defendants downplay these

allegations, the court must consider the claims against Dell in the transfer calculus. *See In re Volkswagen AG*, 371 F.3d at 204 ("Given the broad generic applicability of the term 'parties' and the term 'witnesses,' such terms contemplate consideration of the parties and witnesses in *all* claims and controversies properly joined in a proceeding.")(emphasis added). It is therefore likely that a number of Dell witnesses will be involved in answering these claims. The Dell witnesses are much closer to this court than to the proposed transferee court. The developers of the accused software in Case No. 2:07CV376 reside overseas in Germany, Taiwan, and possibly China. They will have to travel a long distance no matter where the case is tried. *See In re Genentech*, 566 F.3d at 1344. On balance, the court finds that this factor is neutral.

    4.  *Other Practical Problems*

Neither side addresses this factor in detail, and the court determines that it is neutral.

**C.**  **Public Interest Factors**

The public interest factors include (1) the administrative difficulties flowing from court congestion, (2) the local interest in having localized controversies decided at home, (3) the familiarity of the forum with the law that will govern the case, and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *In re Volkswagen*, 545 F.3d at 315.

    1.  *Administrative Difficulties Flowing From Court Congestion*

The court is persuaded that both this court and the Northern District of California can efficiently handle this matter. As such, the factor is neutral.

    2.  *The Local Interest in Having Localized Controversies Decided at Home*

The accused products are sold nationwide. The fact that they are sold into Texas or into this district does not give this court more of a local interest in deciding this case than any other district

court. *In re Volkswagen*, 545 F.3d at 318; *In re TS Tech*, 551 F.3d at 1321. Many of the parties to this case have their principal offices in the Northern District of California. Microsoft's headquarters are in Washington. However, Dell is headquartered in Texas, and some others, including Nero AG and Sony Corporation are headquartered overseas. Because the plaintiff and several defendants are headquartered in the Northern District of California, however, that court has a stronger local interest in the resolution of this case than this court does. This factor therefore weighs in favor of a transfer.

### 3. *The Court's Familiarity with the Governing Law*

This factor is neutral. Contrary to the defendants' arguments, the presence or absence of a claim under California state law directly impacts this issue. Although the plaintiff previously asserted a California state law claim against three of the defendants in Case No. 2:07CV376, it has dropped those allegations. This factor is therefore neutral.

### 4. *The Avoidance of Unnecessary Problems of Conflict of Laws*

This factor is neutral, as no party has identified any problems involving conflict of laws.

## 3. Conclusion

The court has balanced the private and public interest factors. Most of the factors are neutral. The availability of compulsory process tips in favor of a transfer. The local interest in resolving the dispute also weighs in favor of a transfer. The presence of substantial infringement allegations against Dell, however, weighs against many of the factors that would otherwise strongly favor a transfer to the Northern District of California. On balance, the defendants have not demonstrated that the proposed transferee court is "clearly more convenient" for the trial of this case. The motion to reconsider the motion to transfer venue is denied in Case No. 2:07CV376. Microsoft's motion to transfer venue in Case No. 2:08CV369 is also denied.

SIGNED this 30th day of September, 2009.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE