**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| MEDIOSTREAM, INC., <br><br> Plaintiff, <br><br> v. <br><br> MICROSOFT CORPORATION, <br><br> Defendant. | Civil Action No. 2:08-CV-369 (CE) <br><br> **JURY TRIAL DEMANDED** |
| MEDIOSTREAM, INC., <br><br> Plaintiff, <br><br> v. <br><br> ACER AMERICA CORP., et al. <br><br> Defendants. | Civil Action No. 2:07-CV-376 (CE) <br><br> **JURY TRIAL DEMANDED** <br><br> (Consolidated) |

**DEFENDANTS ACER AMERICA CORP., ASUS COMPUTER INTERNATIONAL INC.,**
**CYBERLINK.COM CORP., DELL INC., GATEWAY INC., MICROSOFT CORP.,**
**NERO AG, NERO, INC., SONIC SOLUTIONS, SONY CORP., AND SONY**
**ELECTRONICS INC.'S MOTION FOR RECONSIDERATION OF ORDER DENYING**
**TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA**

Defendants Acer America Corporation ("Acer"), ASUS Computer International, Inc.

("ACI"), CyberLink.com Corporation ("CyberLink"), Dell, Inc. ("Dell"), Gateway, Inc.

("Gateway"), Microsoft Corporation ("Microsoft"), Nero AG, Nero, Inc. ("Nero"), Sonic

Solutions, Sony Corporation, and Sony Electronics Inc. ("SEL") respectfully move this Court,

pursuant to Federal Rule of Civil Procedure 54(b), for reconsideration of the Court's Order dated

September 30, 2009 (Dkt. No. 127) (the "Order") denying certain defendants' motion for reconsideration (Case No. 2:07CV376, Dkt. No. 206) and Microsoft's motion to transfer venue to the United States District Court for the Northern District of California (Dkt. No. 15).   Under Rule 54(b), the Court may reverse its own interlocutory decisions at any time before entry of judgment.  *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F. 2d 167, 185 (5th Cir. 1990) ("the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.").

Since this Court issued its Order, the Federal Circuit has decided two cases that have restated and clarified the legal standard for when a transferee venue is clearly more convenient than the venue chosen by the plaintiff: *In re Hoffman-La Roche Inc.*, 2009 WL 4281965 (Fed. Cir. Dec. 2, 2009), *rev'g Novartis Vaccines & Diagnostics, Inc. v. Hoffman-La Roche Inc.*, 597 F. Supp. 2d 706 (E.D. Tex. 2009) and *In re Nintendo Co., Ltd.*, Misc. No. 914 (Fed. Cir. Dec. 17 2009), *rev'g Motiva LLC v. Nintendo Co. Ltd.*, 2009 WL 1882836 (E.D. Tex. June 30, 2009). These cases both require transfer where "there is a stark contrast in relevance, convenience, and fairness between the two venues." *Hoffman*, 2009 WL 4281965 at *2, *Nintendo*, Slip Op. at 4.

In denying the Defendants' earlier motions for transfer, this Court relied on "[t]he presence of substantial infringement allegations against Dell."  (Dkt. No. 127 at 9).   Under the clarified legal standard set out in *Hoffman* and *Nintendo*, however, the calculus concerning a *single* party's convenience cannot single-handedly determine the outcome of a § 1404 analysis where, as here, defendants establish a stark contrast in relevance, convenience, and fairness between the transferee and transferor forums.   Moreover, as MedioStream's recent infringement contentions against Dell make clear, there are no substantial infringement allegations against

2

Dell as Dell does not make any of the accused software.  All of the accused software is made outside of this District and outside of Texas.  "[I]n a case featuring most witnesses and evidence closer to the transferee venue with few or no convenience factors favoring the venue chosen by the plaintiff, the trial court should grant a motion to transfer." *Nintendo*, Slip Op. at 4-5.

The Federal Circuit's recent decisions have particular significance to the proceedings before this Court because, as in those cases, "this case has no relevant factual connection to the Eastern District of Texas."  *See Hoffman*, 2009 WL 4281965 at \*4; *Nintendo*, Slip Op. at 2 ("[N]o meaningful connection linked the Eastern District of Texas to this case."). Dell, while located in Texas, is not located in the Eastern District, nor does Dell make *any* of the accused software in this case.  The location of Dell is accordingly an insufficient basis on which to deny the transfer of this case to Defendants' proposed transferee venue.

## I.  STATEMENT OF RELEVANT FACTS

A.  Ten of the thirteen parties in this case are located in or near the Northern District of California, and no party is located in the Eastern District of Texas

As illustrated below, ten of the thirteen parties in this case, including the plaintiff MedioStream, have their principal business locations in the Northern District of California or substantially nearer to that District than to the Eastern District of Texas.

**Figure 1**

| PRINCIPAL BUSINESS LOCATIONS OF THE PARTIES | | | |
|---|---|---|---|
| **Parties located in E.D. Tex. (0)** | **Parties located in Texas (1)** | **Parties located abroad (2)** | **Parties located in N.D. Cal. or nearby (10)** |
| None | Dell (Round Rock, TX) | Nero AG (Germany) Sony Corp. (Japan) | MedioStream (N.D. Cal.) Acer (N.D. Cal.) Apple (N.D. Cal.) ACI (N.D. Cal.) CyberLink (N.D. Cal.) Sonic Solutions (N.D. Cal.) Gateway (Irvine, CA) Nero (Glendale, CA) |

| | | | SEL (San Diego, CA) |
|---|---|---|---|
| | | | Microsoft (Redmond, WA) |

Plaintiff MedioStream is a California corporation with its principal place of business in Los Altos, California, which is within the Northern District of California. (Dkt. No. 127 at 1). Five of the twelve defendants—Acer, Apple, ACI, CyberLink, and Sonic Solutions—are also located within the Northern District of California.[1] Four of the twelve defendants—Microsoft, Gateway, Nero, and SEL—are located outside the Northern District of California, but in locations that are substantially closer to that venue than the Eastern District of Texas.[2]

No defendant in this case is located in the Eastern District of Texas. In fact, of the ten domestic defendants, only one, Dell, is located closer to the Eastern District of Texas than the Northern District of California.[3] Dell is located in Round Rock, Texas, in the Austin Division of the Western District of Texas and some 300 miles from Marshall, Texas, where this litigation is currently pending. The remaining two defendants—Nero AG and Sony Corporation—are both located outside the United States.[4]

---

[1] Acer is a California corporation with its principal place of business in San Jose, CA (Dkt. No. 127 at 2); Apple is a California corporation with its principal place of business in Cupertino, CA, id.; ACI is a California corporation with its principal place of business in Fremont, CA, id.; CyberLink is a California corporation with its principal place of business in North America in Fremont, CA, id.; and Sonic Solutions is a California corporation with its principal place of business in Novato, CA, id.

[2] Microsoft is a Washington corporation with its principal place of business in Redmond, WA (Dkt. No. 15-1 ¶ 4); Gateway is a Delaware corporation with its principal place of business in Irvine, CA, (Dkt. No. 127 at 2); Nero is a Delaware corporation with its principal place of business in Glendale, CA, id.; and SEL is a Delaware corporation with its principal place of business in San Diego, CA, id.

[3] Dell is a Delaware corporation with its principal place of business in Round Rock, TX. Id.

[4] Nero AG is a German corporation with its principal place of business in Karlsbad, Germany, id., and Sony Corp. is a Japanese corporation with its principal place of business in Tokyo, Japan, id.

B.  The overwhelming majority of relevant evidence and witnesses in the United States are located in or near the Northern District of California

Evidence and witnesses relevant to the asserted patents and their prosecution, or to attempts by MedioStream to commercialize the technology embodied in those patents, are located primarily in the Northern District of California.  The patents-in-suit identify Qiang Huang as the sole inventor.  Mr. Huang is a former employee of MedioStream and resides in San Francisco, in the Northern District of California.  (Dkt. No. 127 at 1).  The attorneys who prosecuted the asserted patents, and whom MedioStream has identified as having relevant knowledge, are located in Palo Alto, also in the Northern District of California.  (Dkt. No. 15-3 at 5).

MedioStream has identified a number of current and former employees who may have knowledge relevant to its claims.  Its current employees, who are located in MedioStream's California headquarters, include: Edward B. Collins, Chairman; Dr. Cheng C. Kao, President; Gordon Chan, Treasurer; and Stephane Desproges, VP and CTO.  *Id.* at 3-4.  MedioStream's former employees who, according to MedioStream, are located in the Northern District of California include: Dan Baca, former VP of Sales (Redwood City, CA); Phil Otto, former CEO (San Francisco, CA); and Tao Wen Wei, former Senior Software Engineer (Novato, CA).  *Id.* at 4.  MedioStream has identified no potential witness, person with relevant knowledge, or relevant evidence in the Eastern District of Texas.  The only other potential witnesses identified by MedioStream are located in Shanghai, China, or are stated to have no known address.  *Id.* at 4-5.

Virtually all of the defendants' witnesses and evidence that are likely to be relevant to this litigation are located in or near the Northern District of California or outside the United States.  The record shows that for Acer, Apple, ACI, and Sonic Solutions, all decisions regarding marketing, sales, and pricing of the accused products occur primarily in the Northern District of

California.  (Case No. 2:07CV376, Dkt. Nos. 65 ¶ 4, 66 ¶ 4, 70 ¶ 3).  Moreover, with the exception of CyberLink, which employs relevant witnesses in both the Northern District of California and Taiwan (Case No. 2:07CV376, Dkt. No. 67 ¶ 2-3), the witnesses that Defendants believe are most likely to have the most relevant knowledge would be located in the defendants' locations in the Northern District of California.  (Case No. 2:07CV376, Dkt. Nos. 65 ¶ 5, 66 ¶ 5, 70 ¶ 4).  Other than Apple, which maintains a retail outlet in Plano, Texas, no defendant maintains any facilities, employees, or documents in the Eastern District of Texas.  (Case No. 2:07CV376, Dkt. Nos. 65 ¶ 5, 66 ¶ 6, 70 ¶ 5, 67 ¶ 3).

Similarly, the record shows that for defendants Gateway and Nero, all decisions regarding marketing, sales, and pricing occur primarily in their respective locations in California, and that any witness likely to have relevant knowledge would be located there.  (Case No. 2:07CV376, Dkt. Nos. 68 ¶¶ 4-5, 87-2 ¶¶ 3-4).  None of these defendants maintains any facilities, employees, or documents in the Eastern District of Texas.  (Case No. 2:07CV376, Dkt. Nos. 68 ¶ 6, 87-2 ¶ 5).

With respect to the accused SEL and Sony Corp. (collectively, "Sony") products, any relevant witnesses or documents are likely to be located in or near SEL's offices in San Diego, California, Sony Corp.'s offices in Tokyo, Japan or Sony Creative Software's ("SCS")[5] offices in Madison, Wisconsin.

For Microsoft, the record shows that any witness likely to have relevant knowledge about design and development of accused products would be located in Microsoft's offices in

---

[5]   On August 27, 2009 MedioStream advised counsel for Defendants that it intended to file an Amended Complaint that formally named SCS as a defendant, but MedioStream has not yet done so.

Redmond, Washington, and any documents or information relating to the functionality of the accused products are accessible from that location. (Dkt. No. 15-1 ¶ 5). Microsoft does not maintain any facilities, employees, or documents relevant to the accused products in the Eastern District of Texas. *Id.* at ¶ 6.

Furthermore, in its amended preliminary invalidity contentions for Acer, MedioStream alleges that Acer infringes the patents-in-suit because of the software of a third party, NewTech InfoSystems, Inc. ("NTI"), based in Irvine, California. As discussed below, NTI is outside the subpoena power of the Eastern District of Texas and Acer would be severely prejudiced by its inability to subpoena the third-party software manufacturer of accused products.

Although the overwhelming majority of witnesses and evidence likely to be relevant to this case are located in or near the Northern District of California, some witnesses and evidence exist elsewhere. Dell is located in Round Rock, Texas, and its relevant documents and witnesses are likely to be located there. Additionally, any relevant witnesses or documents associated with Nero AG are likely to be located outside the United States. Finally, some of the defendants have identified potential witnesses outside the United States. CyberLink, for example, has stated that any witness with relevant technical knowledge would likely be located in Taiwan. (Case No. 2:07CV376, Dkt. No. 67 ¶ 3).

C. There are no relevant witnesses or evidence in the Eastern District of Texas

It is undisputed that no party, party witness, non-party witness, or evidence relevant to this case is located in the Eastern District of Texas.

D. Despite this litigation's strong connection to the Northern District of California and its lack of connection to the Eastern District of Texas, this Court declined to transfer the case because of one party's location in Texas

Although this litigation is substantially connected to the Northern District of California and has no connection to the Eastern District of Texas, the Court declined transfer to Defendants' proposed venue. In analyzing the relevant public and private interest factors, the Court concluded that the availability of compulsory process and the local interest in having localized controversies decided at home did favor transfer. (Dkt. No. 127 at 7, 9). It concluded that the remaining factors, however, were neutral.

The Court recognized that overseas parties, whose witnesses and evidence "will have to travel a long distance no matter where the case is tried," are relatively neutral for purposes of the Section 1404(a) analysis. *Id.* at 8. Thus, this leaves only one possible basis for the Court's conclusion that transfer was not "clearly more convenient": the location of a single defendant—Dell—in Texas, though not in the Eastern District.

## II.   THE *HOFFMAN* AND *NINTENDO* CASES REQUIRE RECONSIDERATION OF THE COURT'S SEPTEMBER 30 ORDER DENYING TRANSFER

### A.  The relative ease of access to sources of proof is not a neutral factor here

In denying Defendants' motion, the Court concluded that the factor considering relative ease of access to proof was neutral because the evidence of just one defendant, Dell, "is located much closer to this venue, and other evidence is scattered around the world." *Id.* at 6. The *Hoffman* case disapproves of such reasoning. *See Hoffman*, 2009 WL 4281965 at *3.

In *Hoffman*, as in the present case, there were no sources of proof within 100 miles of the Eastern District of Texas. The bulk of the key documentary evidence, as here, was present in the transferee venue. Nonetheless, the District Court concluded that these facts did not favor transfer because "the Eastern District of Texas is a centrally located venue for this litigation. The sources of proof in this case are many and are spread across the nation." *Novartis*, 597 F. Supp. 2d at 711.

The Federal Circuit rejected the District Court's reasoning.  The Federal Circuit noted that, except for litigation-related activities, "there appears to be no connection between this case and the Eastern District of Texas." *Hoffman*, 2009 WL 4281965 at *3.  As a result, despite the "decentralized" nature of the case, the Court mandated transfer because of the great disparity in ease of accessibility to evidence between the transferee and transferor venues. *Id.*

This Court's recent decision in *SMDK Corp. v. Creative Labs, Inc.* illustrates the impact of *Hoffman*.  Case No. 2:08CV26 (E.D. Tex. Dec. 11. 2009) (Folsom, J.).  In *SMDK*, Plaintiff's principal business location was in Florida, and defendants were located in California, New York, Indiana, and Japan. *Id*, Slip Op. at 2.  The defendants proposed transfer to the Northern District of California. *Id.*  The week after the Federal Circuit issued its *Hoffman* decision, the Court cancelled the scheduled hearing and granted transfer, observing that "[t]here appears to be no connection between this case and the Eastern District of Texas." *Id.* (citing *Hoffman*, 2009 WL 4281965 at *3).  The Court's transfer order relied on a) several defendants' presence in California, b) several witnesses and significant evidence in California, and c) no defendant's opposition to transfer. *Id.*  Crucially, the Court was not persuaded by the presence of a significant witness (a co-inventor of the patent) in Austin, Texas, and the potentially greater convenience for defendants located in New York, Arkansas, and Indiana. *Id.*

In a similar vein, the Federal Circuit's *Nintendo* decision dictates that *some* evidence closer to the Eastern District of Texas cannot prevent transfer when *most* of the evidence lies closer to the transferee forum.  In *Nintendo*, as here, "[n]o parties, witnesses, or evidence ha[d] any material connection to the venue chosen by the plaintiff."  Slip Op. at 6.  Although sources of proof were located mainly in the transferee forum (the Western District of Washington) and Japan, the District Court found the access to evidence factor to be neutral because of some

Nintendo evidence in New York and some plaintiff evidence in Ohio and New York, which the Court calculated to be closer to Texas than to Washington. *Motiva*, 2009 WL 1882836 at *3. The Federal Circuit reversed, however, because *most* of the evidence resided in Washington or abroad, with none in the Eastern District of Texas. *Nintendo*, Slip Op. at 8.

In the aftermath of *Hoffman* and *Nintendo*, the moving defendants respectfully submit that the Court should reconsider its September 30 Order. Given that the foreign location of certain of the defendants has a neutral effect on the accessibility of their evidence, the proper focus is on the ten defendants with domestic locations. Of these ten defendants, as the Court recognized, a transfer of venue to the Northern District of California would make it easier for nine defendants whose headquarters are located in or near that district to bring their evidence to trial. (Dkt. No. 127 at 6). After *Hoffman*, a District Court may not point to the closer proximity of *some* of defendants' evidence to counter the overwhelming convenience that would result from transfer to a forum where the majority of evidence lies. And under *Nintendo*, "[b]ecause most evidence resides in [the transferee forum] or [foreign forums] with none in [the transferor forum], the district court erred in not weighing this factor *heavily* in favor of transfer." Slip Op. at 8 (emphasis added).

Indeed, it is difficult to see how this case bears any closer relationship to this District than the recently transferred *SMDK* case. In *SMDK*, the Court ordered transfer even though one of the parties was located nearer to this District than to the proposed transferee forum and a significant witness had been identified who was located in Texas. As with this case, even though there was some connection to the State of Texas, there was "no relevant factual connection to the Eastern District of Texas." *SMDK*, Slip Op. at 2 (emphasis added).

The Federal Circuit law on this issue is mandatory and cannot be lightly disregarded: transfer is favored "if there are significant connections between a particular venue and the events that gave rise to a suit." *Id.* Thus, as a matter of law, the presence of certain Dell evidence in Round Rock, Texas cannot counterbalance the improved accessibility that would result from transfer to a venue where the evidence of substantially all of the domestic parties is located. Indeed, the Northern District of California is the district in or near which the majority of Defendants developed the allegedly infringing products and where MedioStream claims that the inventor conceived of the patents-in-suit. Even if the Court's observation that "the majority of the accused hardware products are Dell systems" (Dkt. No. 127 at 6) is true[6], there is simply no evidence that the burden of accessing Dell's proofs from California approaches, let alone balances, the difficulty of accessing all the other parties' evidence from the Eastern District of Texas.

Further, because MedioStream's infringement contentions against Dell rely on Dell's inclusion of third-party software in its computer systems, "Dell's presence as a defendant in this case should not be a determinative factor that prevents transfer." (Case No. 2:07CV376, Dkt. No. 213 at 3). Dell's contribution to the alleged infringement in this case is limited to the shipment of certain *third-party* software products in its computer systems and camcorders. Dell did not design or code these software products, and Dell does not possess the source code for any of these products. Under these factual circumstances, Dell should not be used as an anchor defendant to retain this lawsuit in this District, considering that Dell's contribution is akin to that

---

[6] Defendants note that MedioStream has failed to prove that the majority of *all* of the accused products—which includes the software products from the software defendants—are sold by Dell.

of any final assembler, shipper, or retailer.  That is particularly true given that Dell, while located

in Texas, is not located in this District.[7]

> B.   The Northern District of California offers a clearly lower cost of attendance for
> witnesses

Nearly all potential witnesses in the United States identified both by MedioStream and

the defendants are located in or near the Northern District of California.  The only exception

concerns any Dell witnesses in Round Rock, Texas, which is over 300 miles from Marshall.

Tellingly, recently-served notices in this case indicate that MedioStream plans to conduct its

30(b)(6) depositions of each Defendant at the offices of MedioStream's outside counsel in Menlo

Park, CA, which is in the Northern District of California.  As the figure below shows, the

Northern District of California is dramatically more convenient for practically all witnesses:

**Figure 2**

| LOCATION OF LIKELY PARTY WITNESSES | | | |
|---|---|---|---|
| **Likely witnesses in E.D. Tex. (0)** | **Likely witnesses in Texas (1)** | **Likely witnesses abroad (3)** | **Likely witnesses in N.D. Cal. or nearby (9)** |
| None | Dell (Round Rock, TX) | Nero AG (Germany) Sony (Japan) CyberLink (Taiwan) | MedioStream (N.D. Cal.) Acer (N.D. Cal.) Apple (N.D. Cal.) ACI (N.D. Cal.) Sonic Solutions (N.D. Cal.) Gateway (Irvine, CA) Nero (Glendale, CA) Sony (San Diego, CA)[8] |

---

[7] In its denial of Defendants' previous Motion to Reconsider, this Court appears to have used Plaintiff's list of accused products as an indication of the number of witnesses that were likely to testify on behalf of Dell.  (Dkt. No. 127 at 2).  Although such a correlation may hold in other cases, it is an inaccurate proxy here, where Plaintiff has acknowledged that Dell's alleged infringement is derivative of the operation of the software defendants' accused products.  Although Dell has relevant knowledge regarding the number of accused software and hardware products it sells, its knowledge of the details of the accused software's operation (and thus the details of the alleged infringement) is insubstantial when compared with that of the software defendants.

[8]   Sony will likely also have witnesses in SCS's offices in or near Madison, Wisconsin.

| | | | Microsoft (Redmond, WA) |
|---|---|---|---|

Importantly, none of the parties, including MedioStream, have identified a single witness located in the Eastern District of Texas. Despite these facts, in its September decision, the Court viewed the convenience and cost of attendance for willing witnesses as a neutral factor in the transfer analysis, focusing on the fact that "Dell witnesses are much closer to this court than to the proposed transferee court." (Dkt. No. 127 at 8). Nevertheless, this Court acknowledged in that Order that the infringement contentions against Dell and the other hardware defendants "are based on the incorporation of the software products into [the accused hardware]," which suggests that the most material information relating to Dell's alleged infringement is held by the developers of the software products, and thus that *few* Dell witnesses will have information relevant to the alleged infringement.

Again, the Federal Circuit's recent guidance counsels the opposite result. In *Hoffman*, all of defendant's employee witnesses and four non-employee witnesses resided within 100 miles of the transferee district. *Hoffman*, 2009 WL 4281965 at *1. No witnesses resided in the Eastern District of Texas. The Federal Circuit mandated transfer because, regardless of the presence of some witnesses closer to Texas than the transferee venue, there was a "stark contrast" in convenience for witnesses. *Hoffman*, 2009 WL 4281965 at *2. Similarly, in *Nintendo*, the Federal Circuit focused on the fact that "no witnesses" resided in the Eastern District of Texas in finding that the cost of attendance for witnesses "clearly favors transfer"—even though the transferee forum was less convenient for two of the nine identified witnesses. Slip Op. at 6-7.

These cases dictate that some Dell witnesses located closer to this Court than California cannot outweigh the convenience of the Northern District of California for the vast majority of domestic witnesses in this case. *See also In re Genentech*, 566 F.3d 1338, 1345 (Fed. Cir. 2009)

("[where] a substantial number of material witnesses reside within the [Northern District of California] and the state of California, and no witnesses reside within the Eastern District of Texas," this factor will "weigh substantially in favor of transfer."); *Vasudevan Software, Inc. v. Int'l Business Machines Corp.*, 2009 WL 3784371 *2-*3 (E.D. Tex. Nov. 10, 2009) (granting transfer, despite plaintiff's identification of "various potential party and non-party witnesses who are closer to this district," where the "vast majority" of witnesses were in the transferee venue and none in the transferor venue).

C. Acer cannot subpoena a California-based third party manufacturer of accused products unless the case Is transferred

Finally, in  its amended preliminary invalidity contentions for Acer, MedioStream alleges that Acer infringes the patents-in-suit because of the software of a third party, NewTech InfoSystems, Inc. ("NTI"), based in Irvine, California.   NTI is outside the subpoena power of the Eastern District of Texas.  FED. R. CIV. P. 45(c)(3)(A)(ii) (mandating that a subpoena be quashed if the witness is required to travel more than 100 miles from where the witness is located unless the witness is subpoenaed for trial testimony in the state in which the witness is located).  Acer would be severely prejudiced by its inability to subpoena NTI to appear at trial in the Eastern District of Texas.  By contrast, if this case were transferred to the Northern District of California, Acer would be fully able to subpoena California-based NTI.  FED. R. CIV. P. 45(b)(2)(c) (a subpoena may be served anywhere within the state of the issuing court if a state statute allows state-wide service of a subpoena issued by a state court of general jurisdiction); *Arete Power, Inc. v. Beacon Power Corp.,* No. C 07-5167 WDB, 2008 WL 508477, *10 (N.D.Cal. 2008) (the Northern District of California has subpoena power throughout the state of California); FED. R. CIV. P. 45(c)(3)(A)(ii) (permitting a subpoena for trial testimony anywhere in the state in which the witness is located).  The fact that the Northern District of California

14

would have subpoena power over NTI for both depositions and trial, while the Eastern District of

Texas would not, supports transfer under 28 U.S.C. § 1404(a).  *See In re Volkswagen of America,*

*Inc.* ("*Volkswagen II*"), 545 F.3d 304, 316 (5th Cir. 2008) (*en banc*) (fact that a proper venue has

"absolute" subpoena power for both depositions and trial supported transfer); *In re Volkswagen*

*AG* ("*Volkswagen I*"), 371 F.3d 201, 205 n.4 (5th Cir. 2004) (same).

<h3 style="text-align:center">CONCLUSION</h3>

For the reasons detailed above, the moving defendants respectfully request that this Court

reconsider and vacate its September 30, 2009 Order and transfer this case to the Northern District

of California.

Respectfully submitted this 23rd day of December, 2009.

By:    /s/*Melissa Richards Smith*
Melissa Richards Smith
Texas State Bar No. 24001351
GILLAM & SMITH, L.L.P.
303 South Washington Avenue
Marshall, Texas 75670
(903) 934-8450
(903) 934-9257 (fax)
melissa@gillamsmithlaw.com

Scott A. Schrader
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111-5356
(415) 591-6000
(415) 591-6091 (fax)
sschrader@cov.com

George F. Pappas
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
(202) 662-6000
(202) 662-6291 (fax)
gpappas@cov.com

**ATTORNEYS FOR DEFENDANT MICROSOFT CORPORATION**

By: _____/s/_____

    Karen I. Boyd
    boyd@turnerboyd.com
    Joshua M. Masur
    masur@turnerboyd.com
    TURNER BOYD, LLP
    2625 Middlefield Road #675
    Palo Alto, California 94306
    Telephone:    (650) 924-1475
    Facsimile:    (650) 472-8028

**ATTORNEYS FOR DEFENDANT ASUS COMPUTER INTERNATIONAL**

By:_____/s/_____

    Gregory P. Love
    gplove@me.com
    LOVE & GOOLSBY, L.L.P.
    P. O. Box 3427
    Longview TX 75606-3427
    Tel: 903-230-5683
    Fax: 903-230-5684

    L. Howard Chen
    Howard.chen@klgates.com
    Elaine Y. Chow
    elaine.chow@klgates.com
    K&L GATES LLP
    4 Embarcadero Center, Suite 1200
    San Francisco CA 94116-5994
    Tel: 415-882-8200
    Fax: 415-882-8220

**ATTORNEYS FOR DEFENDANTS CYBERLINK.COM CORPORATION, ACER AMERICA CORP. AND GATEWAY, INC.**

By: /s/_____

    Scott Partridge
    Lead Attorney
    scott.partridge@bakerbotts.com
    Texas State Bar No. 00786940

Roger Fulghum
roger.fulghum@bakerbotts.com
Texas State Bar No. 00790724
Joshua J. Parker
josh.parker@bakerbotts.com
Texas State Bar No. 24056092
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana
Houston TX 77002-4995
Tel: 713-229-1234
Fax: 713-229-1522

Michael C. Smith
michaelsmith@siebman.com
Texas State Bar No. 18650410
SIEBMAN REYNOLDS BURG PHILLIPS
& SMITH, LLP
713 South Washington Avenue
Marshall TX 75670
Tel: 903-938-8900
Fax: 972-767-4620

**ATTORNEYS FOR DEFENDANT DELL INC.**

By: ___/s/_____
    M. Craig Tyler
    ctyler@wsgr.com
    WILSON SONSINI GOODRICH &
    ROSATI, PC
    900 South Capital of Texas Highway
    Las Cimas IV, Fifth Floor
    Austin TX 78746-5546
    Tel: 512-338-5400
    Fax: 512-338-5499

    Michael A. Ladra
    mladra@wsgr.com
    WILSON SONSINI GOODRICH &
    ROSATI, PC
    650 Page Mill Road
    Palo Alto CA 94304-1050
    Tel: 650-493-9300
    Fax: 650-565-6811

**ATTORNEYS FOR DEFENDANTS**

**NERO, INC., AND NERO AG**

By: ____/s/_____

    Stanley Young (*admitted Pro Hac Vice*)
    syoung@cov.com
    Deanna L. Kwong (*admitted Pro Hac Vice*)
    dkwong@cov.com
    COVINGTON & BURLING LLP
    333 Twin Dolphin Drive, Suite 700
    Redwood Shores CA 94065-1418
    Tel: 650-632-4700
    Fax: 650-632-4800

    Otis W. Carroll
    otiscarroll@icklaw.com
    Deborah Race
    drace@icklaw.com
    IRELAND, CARROLL & KELLEY, P.C.
    6101 South Broadway, Suite 500
    Tyler TX 75703-4408
    Tel: 903-561-1600
    Fax: 903-581-1071

**ATTORNEYS FOR DEFENDANT SONIC SOLUTIONS**

By: ____/s/_____

    Melvin R. Wilcox, III
    State Bar No. 21454800
    YARBROUGH ♦ WILCOX, PLLC
    100 E. Ferguson, Suite 1015
    Tyler, TX 75702
    Phone: 903-595-1133
    Fax: 903-595-0191
    Email: mrw@yw-lawfirm.com

    Richard S. Gresalfi
    Michelle Carniaux
    Lewis V. Popovski
    Zaed M. Billah
    KENYON & KENYON LLP
    One Broadway
    New York, New York 10004-1050
    Phone: (212) 425-7200
    Fax: (212) 425-5288

18

Email: rgresalfi@kenyon.com
Email: mcarniaux@kenyon.com
Email: lpopovski@kenyon.com
Email: zbillah@kenyon.com

**ATTORNEYS FOR DEFENDANTS SONY
CORPORATION AND SONY ELECTRONICS
INC.**

## CERTIFICATE OF CONFERENCE

This certifies that, pursuant to Local Rules CV-7(h), (i), counsel for Microsoft Corp. conferred with counsel for MedioStream and understand MedioStream to be opposed to this motion.

/s/ *Melissa R. Smith*_____
Melissa R. Smith

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, Defendant's Motion for Reconsideration was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email and/or fax, on this the 23rd day of December, 2009.

/s/ *Melissa R. Smith*_____
Melissa R. Smith