**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| MEDIOSTREAM, INC., § § | | |
| Plaintiff, § § | | |
| v. § § | Civil Action No. 2:08-cv-369 (CE) | |
| MICROSOFT CORPORATION, § § | **JURY TRIAL DEMANDED** | |
| Defendant. § § § § § | | |
| MEDIOSTREAM, INC., § § | | |
| Plaintiff, § § | | |
| v. § § | Civil Action No. 2:07-cv-376 (CE) | |
| ACER AMERICA CORPORATION, et al., § § | **JURY TRIAL DEMANDED** | |
| Defendants. § | | |

**DEFENDANT APPLE INC.'S STATEMENT OF NONOPPOSITION TO DEFENDANTS ACER AMERICA CORP., ASUS COMPUTER INTERNATIONAL INC., CYBERLINK.COM CORP., DELL INC., GATEWAY INC., MICROSOFT CORP., NERO AG, NERO, INC., SONIC SOLUTIONS, SONY CORP., AND SONY ELECTRONICS INC.'S MOTION FOR RECONSIDERATION OF ORDER DENYING TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA**

Defendant Apple Inc. ("Apple") respectfully files this statement to indicate that it does not oppose Defendants Acer America Corp., Asus Computer International Inc., CyberLink.com Corp., Dell Inc., Gateway Inc., Microsoft Corp., Nero AG, Nero, Inc., Sonic Solutions, Sony Corp., and Sony Electronics Inc.'s Motion for Reconsideration of Order Denying Transfer to the Northern District of California.

As the Court is aware, Apple has twice moved for transfer of this case to the Northern District of California. In support of its motions, Apple argued that the facts and the law warrant

transfer to the Northern District of California because the relevant witnesses and documents reside in that district as opposed to the Eastern District of Texas.  Apple's position has not changed.

Through this filing, Apple also seeks to correct some misrepresentations in MedioStream's opposition relating to Apple.  First, as Apple's prior declarations make clear, all Apple products implicated in this matter are researched, designed, developed, and tested in Cupertino, California.  (*See* Amended Declaration of Kirk Paulsen in Support of Motion of Acer America Corporation, Apple Inc., Asus Computer International Inc., Gateway, Inc., and CyberLink.com Corp. to Transfer Venue Pursuant to 28 U.S.C. § 1404, ¶ 3, *MedioStream, Inc. v. Acer America Corp. et al.*, 2:07-cv-376 (CE), Docket No. 74.)  Further, all decisions regarding marketing, sales and pricing of the allegedly infringing products occur predominately in Cupertino, California.  (Id. ¶ 4.)  And, contrary to MedioStream's assertion, all relevant witnesses from Apple reside in or near Cupertino, California.  (Id. ¶ 5.)  Importantly, no Apple relevant witnesses or documents are located in the Eastern District of Texas.  (Id.)

DATED:  January 29, 2010	Respectfully submitted,

By:  /s/ Mark C. Scarsi
Mark C. Scarsi
(*pro hac vice*)
mscarsi@milbank.com
Chris L. Holm
(*pro hac vice*)
cholm@milbank.com
Hannah L. Cannom
(*pro hac vice*)
hcannom@milbank.com
Milbank, Tweed, Hadley & McCloy LLP
601 S. Figueroa St., 30th Fl.
Los Angeles, California 90017
Telephone:  (213) 892-4000
Fax:           (213) 629-5063

        Eric M. Albritton, Esq.  
        State Bar No. 00790215  
        ema@emafirm.com  
        Albritton Law Firm  
        111 West Tyler Street  
        Longview, Texas 75601  
        Telephone:   (903) 757-8449  
        Fax:             (903) 758-7397  

        Attorneys for APPLE INC.

CERTIFICATE OF SERVICE

      The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, the DEFENDANT APPLE INC.'S STATEMENT OF NONOPPOSITION TO DEFENDANTS ACER AMERICA CORP., ASUS COMPUTER INTERNATIONAL INC., CYBERLINK.COM CORP., DELL INC., GATEWAY INC., MICROSOFT CORP., NERO AG, NERO, INC., SONIC SOLUTIONS, SONY CORP., AND SONY ELECTRONICS INC.'S MOTION FOR RECONSIDERATION OF ORDER DENYING TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email and/or fax, on this the 29th of January, 2010.

                                                    /S/Mark. C. Scarsi
                                                      Mark C. Scarsi