UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MEDIOSTREAM, INC. | § § § | |
| vs. | § | CASE NO. 2:08-CV-369-CE |
| | § § | |
| MICROSOFT CORPORATION, et al. | § | |

**MEMORANDUM OPINION AND ORDER**

**I.      Introduction**

Currently pending before the Court are numerous motions relating to discovery and other patent matters. The Court's rulings on docket numbers 298, 300, 301, 302, 303, 305, and 313 are set forth below.

**II.     Discovery Motions**

   **A.     Docket Number 298: Defendant Sony's Motion to Compel Plaintiff to Produce Clawed Back Documents**

After an *in camera* review of the documents over which Plaintiff is asserting privilege, the Court concludes that Sony's motion should be GRANTED in part and DENIED in part. The "PCExpo" documents contained in entries 529-532 of Plaintiff's privilege log contain communications prepared for outside counsel in preparation for litigation and fall under the attorney-client privilege. The "ChinaVest" documents contained in entries 640-645 of Plaintiff's privilege log contain both summaries of attorney advice for senior management and other information. Plaintiff is ordered to produce copies of these documents with the section headed "patent status" redacted. While the section of each document summarizing attorney advice is privileged, the

remainder is not.

Plaintiff's explanation to the Court regarding the late addition of these documents to its privilege log is credible. Sony's argument for a fraud exception would penalize Plaintiff for proper pre-filing diligence and, without a compelling argument for fraud, is rejected.

**B.  Docket Number 300: Defendant Sony's Motion to Compel Plaintiff to Provide a Complete Response to Interrogatory 8**

Sony's motion to compel Plaintiff to provide a complete response to interrogatory 8 is GRANTED. Within fifteen (15) days, Plaintiff is directed to respond fully to interrogatory 8 including the build number and confidentiality agreement covering the Optical Laser and TechTV distributions. If Plaintiff lacks information or documents sufficient to respond to any portion of interrogatory 8, Plaintiff is directed to inform Sony that it lacks the relevant information as to that distribution. Further, because Defendants' interrogatory 8 seeks information about a single subject it counts as a single interrogatory.

**C.  Docket Number 301: Plaintiff's Motion to Compel Defendant ASUS to Produce Marketing and Revenue Documents**

Plaintiff's motion to compel Defendant ASUS to produce marketing and revenue documents is GRANTED. Within fifteen (15) days, ASUS is directed to produce any and all remaining unprivileged documents in the four categories[1] specified by Plaintiff and to produce a declaration

---

[1] The four categories of documents sought by Plaintiff are:
1. Profit and loss statements;
2. Documents related to payments to suppliers of the Accused Products;
3. Marketing materials for the accused products that are also related to accused functionality or accused software products, including the features and advantages or disadvantages of such accused software; and
4. Documents constituting or reflecting communications between ASUS and/or

stating that production of documents within these categories is complete.

D.     Docket Number 303: Plaintiff's Motion to Compel Discovery from Apple

Plaintiff's motion is GRANTED in part and DENIED in part. Within 15 days, Apple is directed to produce any as yet unproduced source code upon which the accused products depend,[2] including operating system code, as well as any documentation available for the accused products or the operating system code used by the accused products. Within 30 days, Apple is directed to produce SVN and CVS databases for all accused products and any operating system code used by the accused products. Also within 30 days, Apple is directed to produce any and all SDK documentation. Within 45 days, Apple is directed to produce all past versions of the SDK documentation dating back to the alleged date of first infringement.

On or before the date that each production is due, Apple is directed to produce a declaration stating that the relevant production is complete.

As to all other points,[3] Plaintiff's motion is DENIED.

---

ASUSTeK and the accused software vendors regarding development of accused software and functionality

[2]     The parties agree that the accused products use some operating system code accessed through API calls. Apple contends that at this time all relevant source code and documentation has been produced. If Apple has already produced all relevant source code, Apple may satisfy this order by producing a declaration to that effect.

[3]     In particular, Plaintiff sought an "unlocked" computer containing the relevant source code databases. At this time, the Court finds such production unnecessary. However, should Apple or its experts rely on code or documentation not produced to Plaintiff or produced in such a way as to obscure or conceal the accused functionality, the court will address the issue by separate motion.

**III.    Patent Rule 3-1 Motions**

    **A.    Docket Number 302: Plaintiff's Motion for Leave to Amend its Infringement Contentions as to Nero Defendants**

The Nero defendants do not oppose this motion, therefore it is GRANTED.  Plaintiff may amend its infringement contentions as to the Nero defendants.

    **B.    Docket Number 305: Plaintiff's Motion to Amend its Infringement Contentions as to Cyberlink**

Cyberlink does not oppose this motion.  Accordingly, Plaintiff's motion to amend its infringement contentions as to Cyberlink is GRANTED.

    **C.    Docket Number 313: Plaintiff's Motion to Amend its Infringement Contentions as to Apple**

Apple does not oppose this motion.  Accordingly, Plaintiff's motion to amend its infringement contentions as to Apple is GRANTED.

**VI.    Conclusion**

For the aforementioned reasons, the Court GRANTS and DENIES the above motions as specified.

Additionally, the parties failed to properly meet and confer prior to filing many of the motions presently before the Court.  The meet and confer requirement is intended to reduce the expense and inconvenience of litigation and improves judicial economy.  Failure to meet and confer imposes substantial unnecessary costs on the litigants and burdens the Court with unnecessary filings.  All parties are hereby reminded of their duty to meet and confer prior to filing opposed

motions and warned that failure to meet and confer in the future may result in sanctions.

SIGNED this 19th day of August, 2010.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE